**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

REGINALD L. McCOY,

     Petitioner,

v.                                                    Case No. 8:26-cv-1175-JLB-TGW

WARDEN, USP COLEMAN I,

     Respondent.
_____/

## **ORDER**

Petitioner Reginald L. McCoy, proceeding *pro se*, is a federal inmate who initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  Petitioner, who was convicted and sentenced in this Court,[1] challenges his July 1991 sentence of life imprisonment, asserting that it is now illegal under *United States v. Dupree*, 57 F. 4th 1269 (11th Cir. 2023).  (*Id.*).

Collateral attacks on the legality of a sentence must be brought under 28 U.S.C. § 2255.  The text of the "saving clause" in section 2255(e) permits a federal prisoner to challenge his sentence pursuant to section 2241 only where "the remedy by motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The petitioner bears the burden of

---

[1] *See United States v. McCoy*, Case No. 8:90-cr-132-CEH-AAS-4 (M.D. Fla.) at 7/2/1991 docket entry.

demonstrating that a section 2255 motion is "inadequate or ineffective." *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) (en banc).

Absent narrow exceptions, the Eleventh Circuit had held that section 2241 is not available to challenge the validity of a sentence. *Id.* at 1089. The Eleventh Circuit has provided examples where, post-*McCarthan*, a motion to vacate would be an inadequate mechanism to test a prisoner's claim, and thus a section 2241 would be an appropriate vehicle to test that prisoner's claim as follows. The first category of cases is if a federal prisoner challenges the execution of his sentence, *e.g.*, the deprivation of good-time credits or parole determinations. *See Amodeo v. FCC Coleman - Low Warden*, 984 F.3d 992, 999 (11th Cir. 2021) (internal citations omitted). "The second category of cases that fit within the narrow confines of the saving clause are those in which the sentencing court is unavailable or dissolved, or where practical considerations like 'multiple sentencing courts' prevent a federal prisoner from filing a § 2255 motion." *Id.* at 999–1000 (citing *McCarthan*, 851 F.3d at 1093).

Although the examples provided by the *McCarthan* court are not exhaustive, if a prisoner's claim fits within those categories identified in *McCarthan*, a prisoner may file a section 2241 habeas petition under section 2255(e)'s saving clause. But again, the focus is whether the "prisoner's claim

2

merely challenges 'the validity of his sentence.'" *Williams v. Warden, FCC Coleman*, 803 F. App'x 324, 326 (11th Cir. 2020) (internal citations omitted). If that is indeed the focus of the claim, the prisoner "cannot proceed under § 2241 because he could raise this claim in a § 2255 motion." *Id.* (citation omitted). Furthermore, Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." *Accord* Rule 12, 28 U.S.C. foll. § 2254 ("The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provision or these rules, may be applied to a proceeding under these rules.").[2]

Even construing his *pro se* petition liberally, as the Court must, none of Petitioner's claims are cognizable under section 2241 because he challenges the validity of his sentence, not the execution of his sentence. Section 2255 permits a prisoner to contest his sentence by motion "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a)

---

[2] Pursuant to Habeas Rule 1(b) of the "Rules Governing Section 2254 Cases," the Court has discretion to apply the Rules to habeas corpus petitions under § 2241.

3

(emphasis added).  It authorizes the sentencing court to provide specified relief if the court finds "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."  *Id*. § 2255(b).  The rule provides that the motion is to be filed in "the court which imposed the sentence."  *Id*. § 2255(a).

Here, Petitioner has failed to demonstrate that a motion to vacate filed pursuant to section 2255 is "inadequate or ineffective."  *McCarthan*, 854 F.3d at 1081 (citation omitted).  Petitioner contends that section 2255 is inadequate because he filed a section 2255 motion, which was denied.  And he cannot file a second or successive section 2255 motion because *Dupree* is not a new Supreme Court case that announced a new rule of law.  (Doc. 1 at 4).[3] But the mere fact that a section 2255 motion stands procedurally barred does not render it inadequate or ineffective.  *See McCarthan*, 851 F.3d at 1092 ("The saving clause does not allow access to section 2241 whenever a claim is untimely or procedurally defaulted otherwise the statute would render itself

---

[3] A defendant may file a second or successive section 2255 motion only if the motion contains "(1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h).

4

inadequate or ineffective.  The same must be true for the bar on second or successive motions.").

Nor has Petitioner shown that the sentencing court is unavailable, or that practical considerations (such as multiple sentencing courts) prevent him from filing a section 2255 motion.  The conviction under attack was imposed in this Court, which is *not* unavailable.

Accordingly, Petitioner has failed to demonstrate the applicability of section 2255(e)'s savings clause, and this Court therefore lacks jurisdiction to adjudicate this section 2241 petition on its merits.  *See* Rule 4, U.S.C. foll. § 2254, Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").  To challenge his sentence, Petitioner would have to file a motion in the appellate court seeking authorization to file a second or successive section 2255 motion with this Court.

Accordingly, it is **ORDERED** that:

1. This action is **DISMISSED** for lack of jurisdiction.[4]

2. The Clerk is **DIRECTED** to enter judgment dismissing this case

---

[4] Because the Court lacks jurisdiction, it has no authority to issue a certificate of appealability.  *See Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007) (citation omitted).

without prejudice, terminate any pending motions, and close the file.

**DONE and ORDERED in Tampa, Florida, on May 6, 2026.**

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE